[Civ. No. 511.  First Appellate District.—November 12, 1908.]

## JOHN HENRY JOSEPH O'ROURKE, a Minor, by FRANK J. O'ROURKE, His Guardian Ad Litem, Respondent, v. J. T. FINCH, Appellant.

VICIOUS ANIMALS—BITE OF MINOR BY VICIOUS DOG—OWNERSHIP—KNOWLEDGE OF VICIOUS PROPENSITIES—SUPPORT OF VERDICT.—In an action by a minor to recover damages for the bite of a vicious dog, negligently allowed to run at large by the owner with knowledge of its vicious propensities, *held,* against the contention of the defendant appealing to the contrary, that the evidence is sufficient to show his ownership of the dog at the time of the bite; and that he had previous knowledge of its vicious propensity to bite children, and that the verdict for the plaintiff was supported in both respects.

ID.—EVIDENCE OF OWNERSHIP—PROVINCE OF JURY—GIFT—SUBTERFUGE. Evidence was properly admitted that defendant appealing procured a collar for the dog with his initials engraved thereon, which was worn at the time of the bite, as tending to show his ownership at that time, to be considered in connection with other evidence that he was seen daily with it on the streets, had bought and paid for it, and was much attached to it; and the jury might properly consider from such evidence that he was the real owner of the dog at the time of the bite, and that an alleged gift thereof by him to the lady of the house in which he lived was a mere subterfuge to escape liability.

ID.—EVIDENCE OF "TRICKS" BY DOG PROPERLY EXCLUDED.—Offered evidence for the purpose of showing the nature and kind of the tricks that could be performed by the dog as a "trick dog" was properly excluded, as not tending to justify its bite of the child.

ID.—REFUSAL OF INSTRUCTION AS TO OWNERSHIP OF DOG BY PERSONS LIVING THEREWITH.—There was no error in refusing a requested instruction that one who treats a dog as living at his house and undertakes to control its actions is the owner of the dog within the meaning of the law.  Though such instruction might be given where one is charged as keeper of a vicious dog in full control, and is claiming otherwise, yet, when the owner also has control of the dog, and keeps it with knowledge of its vicious nature, he cannot escape liability on the theory that the dog lived with other defendants not appealing, and was sometimes seen with them or either of them.

APPEAL from an order of the Superior Court of the City and County of San Francisco, denying a new trial.  John Hunt, Judge.

The facts are stated in the opinion of the court.

Lynch & Drury, for Appellant.

W. H. Morrissey, for Respondent.

COOPER, P. J.—This action was brought to recover $5,000 damages on account of personal injuries to plaintiff, a minor, by being severely bitten and wounded by a dog alleged to have been kept by defendants, and allowed by them negligently to run at large. The case was tried with a jury, and a verdict returned for the plaintiff in the sum of $1,000, upon which judgment was accordingly entered. Upon motion for a new trial by all the defendants the judge who tried the case and heard the evidence made an order for a new trial, to be granted unless the plaintiff would remit from the amount of the judgment the sum of $250. This amount was remitted by plaintiff by consent in writing duly filed, whereupon the court made an order denying the motion for a new trial, and thereupon judgment was entered for plaintiff in the sum of $750.

Defendant Finch prosecutes this appeal from the order denying a new trial. The other defendants have not appealed.

It is argued by appellant that the evidence is insufficient to show that he was, at the time the plaintiff was bitten by the dog, the owner or keeper of such dog, or that he had knowledge of its vicious propensity to bite. We have carefully examined the evidence, and are of the opinion that it is sufficient to sustain the verdict in both respects. In fact, it was admitted by appellant that sometime prior to the time this plaintiff was injured he knew of the dog having bitten one of Mrs. Kildea's children, and that he owned the dog at that time, and paid the doctor's bill for attending Mrs. Kildea's child. At the time the plaintiff was injured the appellant lived with defendants, Mr. and Mrs. Patrick, and the dog was kept at the same place. It had been bought and paid for by appellant. He had paid the license tax for keeping the dog; it had a collar on that he had bought lettered and worded as follows: "Glen, from T. J. F." "Glen" was the name of the dog, and "T. J. F." were the initials of appellant's name. Appellant was seen daily upon his walks and rides in and about the neighborhood where he resided in company with the dog, and was very much attached to him. From all this the jury might well have believed that appellant was the owner

of the dog at the time plaintiff was injured, and that the alleged gift of it to Mrs. Patrick was but a subterfuge in order to escape liability.

The court did not err in allowing evidence as to the circumstances connected with the appellant giving the collar to the dog, and having the name placed on the collar. As appellant claimed that he did not own the dog at the time of the alleged injury, these facts were very potent circumstances. The jury might well consider them in connection with the other evidence in the case in determining as to whether or not the appellant was the real owner of the dog at the time plaintiff was bitten.

Appellant testified that the dog "is a trick dog." His counsel then sought to prove by him the nature and kind of tricks the dog could perform; but the court sustained objections to such questions. The ruling was clearly correct. The time of the court should not have been taken up with an investigation of the various tricks the dog had been taught, or in witnessing exhibitions of such tricks, as that would not have tended to justify his biting the child. While it might have shown the intelligence of the dog, it would not excuse or mitigate the act of biting the child; and we do not know of any rule that presumes that an intelligent dog will not bite a child as quickly as one lacking in intelligence.

There was no error in refusing the defendants' requested instruction to the effect that one who treats a dog as living at his house and undertakes to control his actions is the owner of the dog within the meaning of the law. While such an instruction might have been given in a case where one had a dog living at his house, and had full charge and control of him, and was claiming that he was not responsible as keeper for the acts of the dog, yet such facts would not exonerate the true owner if such owner also had control of the dog. If appellant was the owner of the dog, and kept him knowing his vicious nature, he cannot escape liability upon the theory that the dog lived with the other defendants, and was sometimes with them or with either of them. As to the defendants Mr. and Mrs. Patrick, they are not complaining of the refused instruction, and besides they have not appealed.

The order is affirmed.

Hall, J., and Kerrigan, J., concurred.